Judge Nicholas
delivered the’Opinion of the Convt
the Chief Justice not sitting in this case.
This action was brought on a replevin bond, entered into, October, 1831, under the act of January, 1830, to amend and regulate the action of replevin. The property levied on, was appraized at less than the amount of the execution under which it was seized. The plaintiff in the action of replevin having failed therein, and failed to return the property, the principal question which arose on the trial of this case against him and his sureties, was, whether they were liable for any more than the value of the property replevied, without interest or damages. This depends exclusively upon the construction to be given to the second section of said act, which is as follows:—
“ That in all cases embraced by this act, in which the plaintiff in replevin shall fail successfully to prosecute his action, he and his sureties shall he liable, in an action on the bond, to the value of the property replevied, unless the property be restored : provided, that value does not exceed the amount of the execution by which said property was taken ; and if it exceeds that amount, then the amount of such execution, with interest on the value or amount, from the time said property was replevied till paid, and also, ten per centum on the whole of such amount or value, and all legal costs, as well of the action of replevin, as the action on said bond, and all such other costs and damages as the defendant in replevin may shew himself entitled to.”
Though this section is very awkwardly and inartifi«ally worded, yet we think it lairly susceptible oi the *255 construction, given to it by the circuit court: that is, that when the plaintiff in replevin fails in his action, he and his sureties shall be liable for the value of the property replevied, with interest till payment, together with ten per cent, on the value, provided, such value did not exceed the amount of the execution. It is very difficult to suppose even a plausible reason, why the legislature should subject the plaintiff in replevin to interest and damages on the whole amount of the execution, when the property replevied was of greater value, and not subject him to interest and damages on the value of the property, where the value was less than the amount of the execution. In the absence of all reason for any such distinction, we cannot presume it to have been intentionally made, and all legitimate aid must be lent by construction, to the language used, in order tó prevent it. The mere collocation of words is ordinarily a very unsafe and unsatisfactory test of legislative meaning If such words are used, as by proper collocation, will give a reasonable and practical expression of legislative intention, it is the duty of the court so to transpose the words, as to rescue the legislature from the imputation of a palpable absurdity. A slight transposition of the words of this section, will render it both intelligible and accurate. But, in fact, if left as they now stand, it is impossible to give any other than the construction given by the circuit court, unless we were unwarrantably to reject the word value, as of no signification whatever, as twice used in the following fragment of the section : “ with interest ©n the value or amount, from the time the said property was replevied until paid, and also ten per centum on the whole of such amount or value.” The reference here to the value, must be necessarily to it, when less than the amount of the execution; for the previous part-of the section expressly declares, the plaintiff in replevin shall not be liable for the value where it exceeds the amount of the execution, and the legislature cannot be supposed to intend to regulate the damages.and interest on a sum for which he was not liable.
The damages given, by the act of 1830, iigainst the pltf. in replevin who fails in his action, are tenpr. ct. on the value of the goods replevied, if that is less than the amount of tile ex’ou ; and on the amount of the ex’on where the value of the goods exceed it —without regard to time. The interest given bythesame act, is to be computed from the time when the writ of re-* pievmwasexecuted, not from its date.
The plaintiff in replevin (under the act of 1830) failing in his action, is liableto the deft., for the reasonable amount of fees, above the taxed fee, which he has to pay to his attorney for - services required in consequence of the replevin-
The circuit court refused to instruct the jury, that the plaintiff in this suit could not recover more than the value of the property levied on, if that value was less than the amount of the execution; and instructed them, “that the plaintiff had a right to recover the value of said property with ten per cent, thereon, and legal interest from the time of suing out the replevin, and the costs of the replevin suit.” Conceding the court was right in refusing the instruction asked, still it is contended for the plaintiffs in error, that it erred in its instruction as given, because it means, that ten per cent, per annum, was to be computed from the time of suing out the replevin, and because that was not the true time from which to compute either the damages or the interest, but, as the act directs, from the time the property was replevied. The latter objection would, no doubt, he a substantial one, provided it created a substantial difference in the finding, to the prejudice of the plaintiffs in error. But this it could not have done, for the writ was sued out on one day and the property replevied on the next, so that the difference would be only one ,]av’s interest, which would be too small'to authorize us to disturb the verdict, even it that day s interest had been included in the assessment, which it was not, from any calculation we can make. The other objection to the instruction rests upon a misconstruction of it, of which it is manifest the jury were .not guilty. Wo think the instruction only imports that a single ten per cent, was to be allowed, and that it was the interest alone which was to be computed from the time mentioned.
The court permitted the defendant to prove to the jury, that he had paid thirty-five dollars as fees to his attorneys in the action of replevin, which was proved to be a reasonable compensation, and that sum probably constituted part of the finding. Does the act authorize the recovery of the fees so paid ? It declares the plaintiff’in replevin liable for “ all legal costs, as well of the action of replevin, as the action on said bond, and all such other costs and damages as the defendant in replevin may shew himself entitled to.” This language is *257 certainly not as definite and explicit as could have been desired, but we do not perceive how we are to give any effect to the words, “such other costs and damages as he may shew himself entitled to,” unless they are construed to mean, all such costs, over and above the legal costs of the replevin suit, as he was necessarily subjected to by reason of the suing forth and executing the writ of replevin. Neither is there any kind of cost, which the defendant would be thereby made to incur, that would fall more naturally within such a description, than that extra compensation which he would necessarily have to pay to attorneys, for defending the suit, over and above the taxed fee. It is a Cost or damage to which he was subjected, exclusively bv reason of the institution of the replevin suit, and would seem, therefore, to present the strongest claim for being embraced by the legislative description, of such other costs and damages as be might shew himself entitled to, over and above the legal costs of that suit. The court therefore did not err in admitting this proof.
Sheriffs weft notentitled (before the act of 1831) to half commission for levying ex'oils on goods that are afterwards rejilevied out of their hands.
A fee bill is not evidence of costs incurred in a particular suit, where it does not specify the suit.
The court also permitted the plaintiff to give in evidence, the sheriff’s fee bill, containing two items ; one of half commission on the value of the property levied on, and. the other for serving subpoenas on witnesses. We.are aware of no law, then in force, giving the sheriff half commission, in such cases, and we do not feel at liberty to recognise his right thereto, from a mere analogy to the allowance made him in other cases, as expressly provided for by statute. The other item of the fee bill was not legitimate evidence, because it did not specify the suit in which the subpoenas were served.
For this error of the court, in permitting the fee bill to go in evidence to the jury, the judgment must be reversed with costs, and the cause remanded, with instructions for a new trial.